# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, GRAND COUNTY, COLORADO<br>Court Address: 307 Moffat Ave., PO Box 192, Hot Sulphur Springs, CO 80451<br>DATE FILED: August 23, 2019 11:23 AM<br>FILING ID: BF9FC2C6F07D1<br>CASE NUMBER: 2019CV30070<br>**Plaintiff:** EPIC MOUNTAIN SPORTS, LLC<br><br>v.<br><br>**Defendants:** THE VAIL CORPORATION d/b/a VAIL RESORTS MANAGEMENT COMPANY and d/b/a EPIC MOUNTAIN GEAR; and SSI VENTURE LLC d/b/a EPIC MOUNTAIN GEAR and d/b/a VAIL RESORTS RETAIL | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff:*<br>Attorney: Gelman & Norberg, LLC<br>　　　　　 Douglas Norberg/Weston Cole<br>Address: 8480 E. Orchard Road, Suite 5000<br>　　　　　 Greenwood Village, CO 80111<br>Phone: (303) 740-8494<br>Fax: (303) 740-8495<br>E-mail: dnorberg@gelmannorberg.com<br>　　　　　 wcole@gelmannorberg.com<br>Atty. Reg #: 28778/44277 | Case No.:<br><br>Div: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Epic Mountain Sports, LLC ("Epic Mountain"), by its attorneys, Gelman & Norberg, LLC, submits its Complaint and Jury Demand as follows:

## I.　GENERAL ALLEGATIONS

1.　Plaintiff Epic Mountain is a Colorado limited liability company with its principal office located at 78941 US Hwy. 40, #101, Winter Park, CO 80482.

2.　Defendant The Vail Corporation is a Colorado corporation with its principal office located at 390 Interlocken Crescent, Broomfield, CO 80021.

3.　Defendant The Vail Corporation also does business under various trade names including Vail Resorts Management Company and Epic Mountain Gear.

4.　Defendant SSI Venture LLC is a Colorado limited liability company with its principal office located at 390 Interlocken Crescent, Broomfield, CO 80021.

5.　Defendant SSI Venture LLC also does business under various trade names including Epic Mountain Gear and Vail Resorts Retail.

6.　Defendants The Vail Corporation, Vail Resorts Management Company, Epic Mountain Gear and SSI Venture LLC are collectively referred to herein as "Vail Corp." or "Defendants."

7. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(5) as the torts specified below were committed in Grand County.

8. Subject matter and personal jurisdiction are proper in this Court pursuant to C.R.S.§ 13-1-124(1)(a) and (b).

9. Epic Mountain has been engaged in the selling, renting, and servicing of bicycles, skis, snowboards, and related outdoor sports gear and equipment since at least 2008. Epic Mountain has dedicated considerable time, money, and effort to develop the "Epic Mountain" brand and name in the Front Range of Colorado including the Winter Park and Grand County communities.

10. Epic Mountain has established significant goodwill and name recognition for the Epic Mountain brand in such areas.

11. During its 11+ years of operation, Epic Mountain has established a reputation among mountain sports enthusiasts that reaches throughout the Winter Park and Grand County communities and into the Front Range of Colorado.

12. On March 15, 2017, Epic Mountain filed a Statement of Trademark for the "Epic Mountain Sports" trademark and logo with the Colorado Secretary of State. As set forth therein, Epic Mountain first used its trademark in commerce in Colorado on or about June 9, 2008.

13. Epic Mountain's Colorado trademark registration is currently active through at least March 15, 2022.

14. Vail Corp. also own and operate retail stores engaged in the sales, rental, and servicing of sporting equipment in various geographic areas.

15. Prior to the date of this Complaint, Vail Corp. began to change the names of certain of its retail stores to "Epic Mountain Gear."

16. On November 15, 2017, Epic Mountain, through its counsel, sent a letter to Vail Corp. regarding their plan to change the name of their retail locations to "Epic Mountain Gear" or a similar name using the "Epic Mountain" phrase.

17. Such letter put Vail Corp. on notice that the "Epic Mountain Gear" name was deceptively similar to Epic Mountain's name and trade name and that, at a minimum, Vail Corp. should not use the "Epic Mountain" phrase on any store or other retail locations within the Winter Park area.

18. In a response letter from its counsel dated December 7, 2017, Vail Corp. stated that they did not have any plans to open any retail stores in Winter Park using the "Epic Mountain Gear" name or any other "Epic" name.

19. Based on the assurances in Vail Corp.'s December 7, 2017 letter, Epic Mountain did not take any further actions or seek to enforce its rights to the "Epic Mountain" trade name.

<small>

20.     After that time, Vail Corp. continued to open new stores and rebrand their existing retail locations using the "Epic Mountain Gear" name throughout the Front Range.

21.     After sending their December 7, 2017 letter to Epic Mountain, Vail Corp. also began to target customers located in the Winter Park and Grand County areas with advertisements under the Epic Mountain Gear name.

22.     Such marketing efforts utilize the "Epic Mountain Gear" brand to advertise Vail Corp.'s services and goods with respect to its bicycles, skis, and other mountain sporting goods business in order to cause confusion in the marketplace regarding the source, sponsorship, approval, affiliation, or certification of such goods and services.

23.     To cause further confusion in the marketplace, Vail Corp. registered a domain name, www.epicmountaingear.com, which is deceivingly similar to Epic Mountain's trade name and its own domain name, www.epicmountainsports.com.

24.     Epic Mountain's customers have been deceived by Vail Corp.'s use of the "Epic Mountain Gear" name and believe that such name is affiliated with Epic Mountain's business, goods, and services.

25.     Actual confusion is taking place by customers of Epic Mountain.

26.     Plaintiff has sustained a significant loss of income and damage to its Epic Mountain brand as a result of Vail Corp.'s actions.

## II.     FIRST CLAIM FOR RELIEF
### (Violation of the Lanham Act, 15 U.S.C. § 1125)

27.     The General Allegations and the allegations of every other claim for relief are incorporated as if set forth fully herein.

28.     State courts have concurrent jurisdiction over claims brought under the Lanham Act, 15 U.S.C. § 1051, *et seq. See Duggan's Funeral Serv. Inc., v. Duggan's Serra Mortuary, Inc.*, 95 Cal. Rptr. 2d 253, 257 (Cal. App. 2000).

29.     Under 15 U.S.C. § 1125(a) of the Lanham Act, a defendant is prohibited from using, in connection with any goods or services, "any word, term, name, symbol, or device, or any combination thereof," which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . ."

30.     Vail Corp.'s use of the "Epic Mountain Gear" name in commerce and advertisements throughout the Front Range of Colorado including the Winter Park and Grand County areas is likely to cause and has actually caused confusion and mistake in the market place as to the affiliation, connection, or association of Vail Corp. with Epic Mountain, and has diverted business away from Epic Mountain.

31.     Additionally, 15 U.S.C. § 1125(d) provides that a defendant is liable in a civil action by the owner of a mark if, "without regard to the good or services of the parties," the defendant "has a bad faith intent to profit from that mark" and "registers, traffics in, or uses a domain name that . . . in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark . . . ."

32.     After Epic Mountain had established its reputation, goodwill, and name throughout the Front Range of Colorado including the Winter Park and Grand County areas, Vail Corp., in bad faith, registered and used the following domain name: www.epicmountaingear.com.

33.     Vail Corp.'s domain name is substantially and confusingly similar to Plaintiff's "Epic Mountain" trade name, trademark, and domain name, i.e., www.epicmountainsports.com.

34.     Vail Corp.'s bad faith intent is further evidenced by, among other things:

   a. Registering and operating the domain name www.epicmountaingear.com with the intent to divert consumers from Plaintiff's domain name and website, www.epicmountainsports.com;

   b. Vail Corp. have intentionally caused and continue to cause harm to the reputation and goodwill represented by Plaintiff's trade mark for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of its website accessible under the www.epicmountaingear.com domain name;

   c. Vail Corp. have and are continuing to specifically target customers with advertisements for outdoor sporting equipment using such domain name in the Winter Park and Grand County areas and throughout the Front Range of Colorado; and

   d. Vail Corp. have refused to cease such wrongful conduct despite demand by Epic Mountain.

35.     Despite providing assurances to Epic Mountain that they would not use the "Epic Mountain" name in the Winter Park area, Vail Corp. are currently actively and continually advertising the "Epic Mountain" name for their own benefit and financial gain.

36.     Vail Corp. have operated and continue to operate a separate competitive business with almost an identical name as Epic Mountain. The similarity in entity name has caused, and is causing significant confusion by customers and has resulted in the diversion of business away from Epic Mountain.

37.     As a result of Vail Corp.'s violations of 15 U.S.C. § 1125, Epic Mountain has incurred damages in an amount to be proven at trial.

38.     Additionally, pursuant to 15 U.S.C. § 1125(d)(1)(C), Epic Mountain seeks an order from the Court for the forfeiture or cancellation of Vail Corp.'s domain, or the transfer of such domain to Epic Mountain.

39. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to trace all profits derived from Vail Corp.'s improper violation of the Lanham Act and to have those monies and profits disgorged from Vail Corp., an award of damages, and may be entitled to an award of attorney fees and costs.

40. Vail Corp.'s violation of the Lanham Act is willful and wanton. Despite Epic Mountain's repeated demands, Vail Corp. have refused to cease their wrongful conduct and misappropriation of the "Epic Mountain" name.

41. Plaintiff Epic Mountain seeks a judgment against Defendants The Vail Corporation and SSI Venture LLC for all actual and consequential damages incurred as a result of such parties' violation of the Lanham Act, disgorgement of any profits derived, an order for the forfeiture, cancellation, or transfer to Epic Mountain of Vail Corp.'s domain name, as well as an award of pre- and post-judgment interest at the statutory rate of 8% per year, attorney fees, costs and expert witness expenses.

### III. SECOND CLAIM FOR RELIEF
(False Representations in Violation of the Colorado Consumer Protection Act)

42. The General Allegations and the allegations of every other claim for relief are incorporated as if set forth fully herein.

43. The Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.* ("CCPA"), prohibits, *inter alia,* a party from knowingly making false representations as to the source, sponsorship, approval, affiliation, or certification of goods, services, or property and knowingly passing off goods or services as those of another. C.R.S. § 6-1-105(1).

44. "Evidence that a person has engaged in a deceptive trade practice is prima facie evidence of intent to injure competitors and to destroy or substantially lessen competition." C.R.S. § 6-1-105(2).

45. By intentionally causing confusion in the marketplace, Vail Corp. have falsely held themselves, their products, and the services they provide out as the services of Epic Mountain.

46. Vail Corp., by selecting, using, and conducting business through a substantially similar and confusing name "Epic Mountain Gear" in the same geographic area and targeting the same customers have created the false representation as to affiliation with Epic Mountain and have knowingly passed off their goods and services as those of Epic Mountain.

47. Because Vail Corp. engaged in bad faith conduct, Epic Mountain seeks damages of up to three (3) times its actual damages pursuant to C.R.S. § 6-1-113(2)(a)(III).

48. Because Vail Corp.'s conduct was also willful and wanton, Epic Mountain reserves the right to seek punitive damages pursuant to C.R.S. § 13-21-102.

49. Pursuant to C.R.S. § 6-1-113(2)(b), Epic Mountain is entitled to an award of its reasonable attorney fees and costs.

50. Plaintiff Epic Mountain seeks a judgment in its favor and against Defendants, jointly and severally, for all damages that it incurred as a result of Vail Corp.'s violations of the Colorado Consumer Protection Act including, but not limited to, up to three (3) times actual and consequential damages, pre- and post-judgment interest at the statutory rate, reasonable attorney fees pursuant to statute, costs, and expert witness expenses.

## IV. THIRD CLAIM FOR RELIEF
### (Misappropriation of Trade Name and Goodwill and Unfair Competition)

51. The General Allegations and the allegations of every other claim for relief are incorporated as if set forth fully herein.

52. During its 11+ years of operation, Plaintiff's trade name, "Epic Mountain Sports" has acquired a secondary meaning throughout the Front Range of Colorado including the Winter Park and Grand County communities.

53. The public mind throughout the Front Range has come to identify the use of the phrases "Epic Mountain" and "Epic Mountain Sports" with the services and goods offered by Plaintiff Epic Mountain.

54. As detailed in this Complaint, Vail Corp. have unfairly used the name "Epic Mountain" or a simulation of that name in competition against Plaintiff Epic Mountain.

55. Vail Corp. have misappropriated Epic Mountain's trade name and goodwill by, among other things, using a deceptively similar name to Epic Mountain's trade name and trademark, registering and operating a deceptively similar domain name, and using marketing and advertisements to target customers in the same marketplace as Epic Mountain.

56. As a direct result of Vail Corp.'s above-outlined actions, Epic Mountain has suffered damages and losses including lost profits and income.

57. Epic Mountain is also entitled to recover the profits earned by Vail Corp. as a result of its misappropriation. Any profits derived by Vail Corp. must be disgorged.

58. Plaintiff Epic Mountain seeks a judgment in its favor and against Defendants The Vail Corporation and SSI Venture LLC for all damages that it has incurred as a result of Vail Corp.'s misappropriation of trade name and unfair competition including, but not limited to, actual and consequential damages, pre- and post-judgment interest at the statutory rate, costs, reasonable attorney fees, and expert witness expenses and disgorgement of any profits derived by Defendants.

## V. FOURTH CLAIM FOR RELIEF
### (Promissory Estoppel)

59. The General Allegations and the allegations of every other claim for relief are incorporated as if set forth fully herein.

60. On or about December 7, 2017, Vail Corp. sent a letter to Epic Mountain wherein it promised, assured, and stated that it did not have any plans to open any retail stores in Winter Park using the "Epic Mountain Gear" name or any other "Epic" name.

61. Vail Corp. should have reasonably expected that such promise would induce Epic Mountain to refrain from taking any further actions or seeking to enforce its rights to the "Epic Mountain" trade name and brand.

62. Epic Mountain reasonably and detrimentally relied on Vail Corp.'s promise by not taking actions to enforce its rights to the "Epic Mountain" trade name and brand.

63. While Epic Mountain reasonably and detrimentally relied on such promise, Vail Corp. was expanding into the Winter Park and Grand County market areas, specifically targeting Epic Mountain's customers and potential customers with advertisements, and taking other actions using the "Epic Mountain Gear" name.

64. Vail Corp.'s promise must be enforced to prevent injustice to Epic Mountain.

65. As a result of Epic Mountain's reasonable and detrimental reliance of Vail Corp.'s promise, Epic Mountain has suffered damages and losses in an amount to be determined by the trier of fact including, but not limited to, lost business opportunities, goodwill, income, and profits.

66. Plaintiff Epic Mountain seeks a judgment in its favor and against Defendants The Vail Corporation and SSI Venture LLC for all damages that it has incurred as a result of Vail Corp.'s actions constituting promissory estoppel including, but not limited to, actual and consequential damages, pre- and post-judgment interest at the statutory rate, costs, and expert witness expenses and disgorgement of any profits derived by Defendants.

## VI. FIFTH CLAIM FOR RELIEF
(Declaratory Relief and Equitable Remedies)

67. The General Allegations and the allegations of every other claim for relief are incorporated as if set forth fully herein.

68. Vail Corp.'s acts were accompanied by circumstances of inequitable, unjust, and unconscionable conduct.

69. Plaintiff Epic Mountain requests that the Court find and declare that it is the prior user and rightful owner of the "Epic Mountain" name and goodwill accompanying and attached to such name in its respective geographic territory.

70. Plaintiff Epic Mountain further requests that the Court, on each claim so applicable, impose a constructive trust, and equitable lien, on any profits or proceeds derived from the use of the "Epic Mountain" name, and that any monies received through the conduct of Vail Corp. be disgorged and paid to Plaintiff.

71. Plaintiff Epic Mountain seeks a judgment in its favor and against Defendants, jointly and severally, for the profits and value of the business opportunities and goodwill that Defendants have realized and will realize as a result of their conduct, as detailed above.

## VII. SIXTH CLAIM FOR RELIEF
### (Preliminary and Permanent Injunction)

72. The General Allegations and the allegations of every other claim for relief are incorporated as if set forth fully herein.

73. As set forth above, the name "Epic Mountain Sports" has acquired a secondary meaning in the marketplace throughout the Front Range of Colorado.

74. As set forth above, Vail Corp. have engaged and continue to engage in conduct which constitutes, *inter alia*, false representations in violation of the CCPA, misappropriation of Epic Mountain's trade name and goodwill, unfair competition, and violations of the Lanham Act.

75. Vail Corp.'s conduct has caused and will cause irreparable harm to Epic Mountain.

76. The computation of monetary damages is impeded by the difficulty in determining the number of sales by Vail Corp. as well as the amount of damages to be awarded from each sale; lost opportunity and business are difficult to track and quantify; and damage to professional reputation and goodwill are difficult to quantify. As such, there is a danger of real, immediate, and irreparable injury to Plaintiff which is preventable by the injunction.

77. There is a lack of a plain, speedy, and adequate remedy at law.

78. The injunction will preserve the status quo during the time prior to the trial on the merits. Public interest will be served by the injunction because it will end the confusion and further risk of confusion.

79. The balance of equities favors the injunction.

80. The imposition of a preliminary injunction will serve to reduce further harm and damage to Epic Mountain.

81. The interests of Vail Corp. can be protected by the Court requiring adequate security.

82. Equity requires the imposition of a preliminary and permanent injunction restoring Plaintiff Epic Mountain to the exclusive use of the "Epic Mountain" name and all derivations thereof and preventing Vail Corp. from using the "Epic Mountain" name or any substantially similar names throughout the Front Range of Colorado including the Winter Park and Grand County areas.

83. Also as set forth above, Epic Mountain seeks an order from the Court for the forfeiture or cancellation of Vail Corp.'s domain, or the transfer of such domain to Epic Mountain pursuant to 15 U.S.C. § 1125(d)(1)(C).

WHEREFORE, Plaintiff Epic Mountain Sports, LLC respectfully requests that the Court grant the following relief:

A.  On Plaintiff's First Claim for Relief for Violation of the Lanham Act, Epic Mountain seeks a judgment against Defendants, jointly and severally, for all actual and consequential damages incurred as a result of such parties' violation of the Lanham Act, disgorgement of any profits derived, an order for the forfeiture, cancellation, or transfer to Epic Mountain of Vail Corp.'s domain name, as well as an award of pre- and post-judgment interest at the statutory rate of 8% per year, attorney fees, costs and expert witness expenses;

B.  On Plaintiff's Second Claim for Relief for False Representations in Violation of the Colorado Consumer Protection Act, Plaintiff requests that judgment be entered in Epic Mountain's favor and against Defendants, jointly and severally, for all actual and consequential damages incurred as a result of Vail Corp.'s violation of the CCPA, an award of up to three (3) times its actual and consequential damages, pre- and post-judgment interest at the statutory rate, reasonable attorney fees pursuant to statute, costs, and expert witness expenses;

C.  On Plaintiff's Third Claim for Relief for Misappropriation of Trade Name and Goodwill and Unfair Competition, Plaintiff requests that judgment be entered in Epic Mountain's favor and against Defendants, jointly and severally, for all damages that it has incurred as a result of Vail Corp.'s misappropriation of trade name and unfair competition including, but not limited to, actual and consequential damages, the profits that Defendants have realized as a result of their misappropriation, pre- and post-judgment interest at the statutory rate, costs, reasonable attorney fees, and expert witness expenses;

D.  On Plaintiff's Fourth Claim for Relief for Promissory Estoppel, Plaintiff requests that judgment be entered in Epic Mountain's favor and against Defendants, jointly and severally, for all damages that it has incurred as a result of Vail Corp.'s actions constituting promissory estoppel including, but not limited to, actual and consequential damages, pre- and post-judgment interest at the statutory rate, costs, and expert witness expenses and disgorgement of any profits derived by Defendants;

E.  On Plaintiff's Fifth Claim for Relief for Declaratory Relief and Equitable Remedies, Plaintiff respectfully requests an order requesting the declaratory relief and equity relief detailed in that claim for relief against Defendants;

F.  On Plaintiff's Sixth Claim for Relief for Preliminary and Permanent Injunction, Epic Mountain respectfully requests an immediate and permanent injunction restoring Plaintiff Epic Mountain to the exclusive use of the "Epic Mountain" name and all derivations thereof and preventing Defendants from using the "Epic Mountain" name or any substantially similar names throughout the Front Range of Colorado including the Winter Park and Grand County areas; and

G.  Such further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**

Dated: August 23, 2019

GELMAN & NORBERG, LLC
*Original signature is on file with Gelman & Norberg, LLC*

/s/ Douglas Norberg
By: DOUGLAS NORBERG, #28778
    WESTON COLE #44277
    *Attorneys for Plaintiff*

Plaintiff's Address:
78941 US Hwy. 40, #101
Winter Park, CO 80482