IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02470-RM-KLM

EPIC MOUNTAIN SPORTS, LLC,

　　Plaintiff,

v.

THE VAIL CORPORATION, d/b/a Vail Resorts Management Company and d/b/a Epic Mountain Gear, and
SSI VENTURE LLC, d/b/a Epic Mountain Gear and d/b/a Vail Resorts Retail,

　　Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [#13][1] (the "Motion"). Plaintiff filed a Response [#20] in opposition to the Motion [#13], and Defendants filed a Reply [#23] in support of the Motion [#13]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises.[2] For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#13] be **DENIED**.

### I. Background[3]

---

[1] "[#13]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Motion [#13] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72. *See* [#19].

[3] For the purposes of resolving the Motion [#13], the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint [#4]. *See Shero v. City of*

- 1 -

Plaintiff Epic Mountain Sports, LLC is a Colorado limited liability company with its principal place of business in Winter Park, Colorado. *Compl.* [#4] ¶ 1. Defendant The Vail Corporation ("Vail Corp.") is a Colorado corporation with its principal place of business in Broomfield, Colorado. *Id.* ¶ 2. Defendant Vail Corp. does business under trade names including Vail Resorts Management Company and Epic Mountain Gear. *Id.* ¶ 3. Defendant SSI Venture LLC ("SSI") is a Colorado limited liability company with its principal place of business in Broomfield, Colorado. *Id.* ¶ 4. Defendant SSI does business under trade names including Epic Mountain Gear and Vail Resorts Retail. *Id.* ¶ 5.

Plaintiff has been selling, renting, and servicing bicycles, skis, snowboards, and outdoor sports gear and equipment since 2008 under the name Epic Mountain. *Id.* ¶ 9. Plaintiff has dedicated time, money, and effort to develop its brand in the Front Range of Colorado, including communities in Winter Park and Grand County. *Id.* On March 15, 2017, Plaintiff filed a Statement of Trademark for the "Epic Mountain Sports" trademark and logo with the Colorado Secretary of State. *Id.* ¶ 12.

Defendants own and operate retail stores engaged in the sale, rental, and service of sporting equipment. *Id.* ¶ 14. On November 15, 2017, Plaintiff sent a letter to Defendants regarding its plan to change the names of its retail locations to "Epic Mountain Gear" or a similar name using the "Epic Mountain" phrase. *Id.* ¶ 16. The letter provided notice to Defendants that the name "Epic Mountain Gear" was deceptively similar to Plaintiff's name. *Id.* ¶ 17. The letter stated that, at a minimum, Defendants should not use the "Epic Mountain" phrase on any retail location in the Winter Park area. *Id.* On

---

*Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

December 7, 2017, in response to the letter, Defendants stated that they did not have plans to open retail locations in Winter Park using the "Epic Mountain Gear" name or any other "Epic" name.  *Id.* ¶ 18.  Following this response, Plaintiff did not take any other actions based on Defendants' assurances.  *Id.* ¶ 19.

After replying to the letter, Defendants opened new stores and rebranded existing retail locations throughout the Front Range of the Rocky Mountains using the "Epic Mountain Gear" name.  *Id.* ¶ 20.  Defendants also began to target customers with advertisements under the "Epic Mountain Gear" name in the Winter Park and Grand County areas.  *Id.* ¶ 21.  Defendants registered the domain name www.epicmountaingear.com which Plaintiff alleges is deceptively similar to its own domain name, www.epicmountainsports.com.  *Id.* ¶ 23.

On August 29, 2019, Plaintiff filed the Complaint [#4] against Defendants.  Plaintiff asserts six claims, seeking damages and declaratory and injunctive relief: (1) violation of 15 U.S.C. § 1125 of the Lanham Act; (2) false representation under the Colorado Consumer Protection Act ("CCPA"); (3) misappropriation of trade name, goodwill, and unfair competition; (4) promissory estoppel; (5) declaratory relief and equitable remedies; and (6) preliminary and permanent injunction.  *Id.* at 9.  Defendants seek dismissal of Plaintiff's CCPA claim under Fed. R. Civ. P. 12(b)(6).  *Motion* [#13] at 2.

## II.  Standard of Review

Fed. R. Civ. P. 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will

reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the [C]ourt reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### III. Analysis

Plaintiff seeks a judgment "for all damages that it incurred as a result of [Defendants'] violations of the [CCPA] including, but not limited to, up to three (3) times actual and consequential damages, pre- and post-judgment interest at the statutory rate, reasonable attorney fees pursuant to statute, costs, and expert witness expenses." *Compl.* [#4] ¶ 50.

The CCPA regulates commercial activities and practices which, "because of their nature, may prove injurious, offensive, or dangerous to the public." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146 (Colo. 2003). Under the CCPA a plaintiff must sufficiently allege five elements to state a viable cause of action: "(1) that the defendant[s] engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant[s'] business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant[s'] goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Id.* at 146-47. Defendants argue that Plaintiff's CCPA claim fails because "the complaint does not allege any 'actual misrepresentations' or 'false or deceptive advertising[.]'" *Motion* [#13] at 2. Defendants have not argued that Plaintiff failed to adequately allege the other four elements of the CCPA claim. *Id.*

Regarding an unfair or deceptive trade practice, a plaintiff must allege that defendants "knowingly [made] a false representation." *Rhino Linings*, 62 P.3d at 147

(quoting Colo. Rev. Stat. § 6–1–105(1)(e)).  A false representation "must either induce a party to act, refrain from acting, or have the capacity or tendency to attract consumers." *Id.*  Therefore, regarding a deceptive trade practice, a plaintiff must allege "that the false representation had the capacity or tendency to deceive, even if it did not." *Id.* at 148. Additionally, a plaintiff must meet a heightened pleading standard pursuant to Fed. R. Civ. P. 9(b) to sufficiently allege a deceptive or unfair trade practice. *HealthONE of Denver, Inc., v. UnitedHealth Grp. Inc.*, 805 F. Supp. 2d 1115, 1120 (D. Colo. 2011). Rule 9(b) requires a complaint to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (citation omitted).  Rule 9(b) is intended to "afford the defendants a fair notice of the plaintiff's claims and the factual ground upon which they are based." *HealthONE*, 805 F. Supp. 2d at 1121.  However, Rule 9(b) does not require the pleading to contain "detailed evidentiary matter, nor does it require any particularity in connection with an averment of intent, knowledge, or condition of mind.  It only requires identification of the circumstances constituting fraud." *Trussell v. Underwriter, Ltd.*, 228 F. Supp. 757, 774-75 (D. Colo. 1964).

In *HealthONE of Denver, Inc. v. UnitedHealth Group Inc.*, 805 F. Supp. 2d at 1118, the plaintiffs brought a CCPA claim against the defendant for its use of a mark that incorporated the entirety of the plaintiffs' own mark.  The plaintiffs provided health care services in Colorado and the Rocky Mountain region and on November 28, 1984, the plaintiffs received trademark registration for the mark "HEALTHONE." *Id.*  On January 28, 2008, the defendant, also a health care service company, sought trademark

registration for the mark "UNITEDHEALTHONE." *Id.* The plaintiffs sent cease and desist letters to the defendant regarding its registration of the mark "UNITEDHEALTHONE," but the defendant continued to use the mark and to pursue its own trademark registration. *Id.* The plaintiffs filed suit alleging a CCPA violation, claiming that the defendant engaged in deceptive trade practices by "making a false representation as to (1) the source, sponsorship, approval, or certification of goods, services or property . . . ." *Id.* at 1119 (citing Colo. Rev. Stat. § 6–1–105(1)(b)-(c)).

The Court found that the plaintiffs sufficiently alleged an unfair or deceptive trade practice under the CCPA. *Id.* at 1121. The Court found that the plaintiffs' allegations that the defendant provided health care services closely related to its own, and that it marketed and sold its services in the same markets and to the same relevant consumers, were allegations that supported a plausible claim that the defendant made a false representation. *Id.* at 1120. Additionally the Court found that the plaintiffs' complaint adequately set forth the time and place of the alleged unfair or deceptive trade practices, placing the defendant on notice. *Id.* at 1121. The Court relied on the plaintiffs' allegations regarding the dates on which the defendant applied for trademark registration and the dates on which the plaintiffs contacted the defendant about the use of the mark. *Id.* Moreover, the plaintiffs provided dates as to when they sent cease and desist letters and provided information about the defendant's use of nationwide advertisements and direct mail flyers to Colorado residents. *Id.* The Court concluded that although the plaintiffs did not specify the actual dates when the defendant committed the unfair or deceptive practice, nor the cities in which the defendant acted, Rule 9(b) was still sufficiently met. *Id.* The Court emphasized that the "sufficiency of the complaint must be judged in its

entirety rather than in a piecemeal fashion" and found that the complaint overall sufficiently alleged a false representation. *Id.* (citations omitted).

Here, the Court finds that Plaintiff has sufficiently alleged that Defendants engaged in an unfair or deceptive trade practice. Plaintiff alleges that Defendants "knowingly [made] false representations as to the source, sponsorship, approval, affiliation, or certification of goods, services, or property and knowingly pass[ed] off goods or services as those of another." *Compl.* [#4] ¶ 43 (citing Colo. Rev. Stat. § 6–1–105(1)). Similarly to *HealthONE*, Plaintiff's Complaint [#4] adequately places Defendants on notice by providing the time and place of the alleged unfair or deceptive trade practice. Plaintiff alleges that it sent a letter to Defendants on November 15, 2017, putting them on notice that the Epic Mountain Gear mark was deceptively similar to the Epic Mountain mark, and at a minimum Defendants should not use the mark on any store or other retail locations in the Winter Park area. *Compl.* [#4] ¶ 17. Defendants responded to the letter on December 7, 2017, stating that they did not have plans to open any retail stores in Winter Park using Epic Mountain Gear or any other Epic name. *Id.* ¶ 18. Following this letter, Plaintiff claims that Defendants continued to open stores and rebrand existing retail stores using the Epic Mountain Gear name throughout the Front Range of the Rocky Mountains. *Id.* ¶ 20. Plaintiff also alleges that following the response letter, Defendants began to target customers in the Winter Park and Grand County areas with advertisements using the Epic Mountain Gear name. *Id.* ¶ 21. Furthermore, Defendants registered a domain name, www.epicmountaingear.com, which Plaintiff alleges is deceptively similar to its domain name www.epicmountainsports.com. *Id.* ¶ 23.

Comparable to *HealthONE*, Plaintiff here asserts that Defendants are using their mark in connection with similar goods and services to those of Plaintiff and are marketing and selling their goods and services in the same markets and to the same consumers. According to the Complaint, Plaintiff placed Defendants on notice that their mark is deceptively similar to Plaintiff's own, and that the Epic Mountain phrase should not be used in Defendants' mark, especially in the same retail market area. After making assurances to Plaintiff in a response letter, Defendants proceeded to open new stores, rebrand existing stores, target customers in the Winter Park and Grand County areas with advertisements, and create a website, all with the Epic Mountain Gear mark. It is clear that the combination of Plaintiff's allegations sufficiently supports a plausible claim that Defendants made a false representation. Furthermore, Plaintiff sufficiently alleges that this false representation had the "capacity or tendency to deceive, even if it did not." *Rhino Linings*, 62 P.3d at 148. Plaintiff alleges that its customers were deceived by Defendants' use of the Epic Mountain Gear name and that its customers believed that the name was affiliated with its business, goods, and services. *Compl.* [#4] ¶ 24. Plaintiff maintains that it has sustained a significant loss of income due to Defendants' actions. *Id.* ¶ 26.

Defendants rely on a later decision in the *HealthONE* case where the Court entered summary judgment against the plaintiffs. *HealthONE of Denver, Inc. v. UnitedHealth Group Inc.*, 872 F. Supp. 2d 1154, 1190 (D. Colo. 2012). After discovery, the Court found that the plaintiffs did not present any evidence as to actual misrepresentations or false or deceptive advertising. *Id.* The Court held that a mark that is likely to cause confusion "does not alone translate into false or deceptive advertising."

*Id.* Here though, the Court must look to whether Plaintiff has provided sufficient allegations as to whether discovery could reveal evidence that supports the allegations. *Shero*, 510 F.3d at 1200. Plaintiff does not simply allege that confusion occurred but specifically alleges that its customers were deceived by Defendants' use of the Epic Mountain Gear mark, believing that the mark was associated with Plaintiff's business, goods, and services. *Compl.* [#4] ¶ 24.

Accordingly, the Court finds that Plaintiff has made sufficient allegations which, when taken as true, "provide 'plausible grounds' that discovery will reveal evidence to support [P]laintiff's allegations," *Shero*, 510 F.3d at 1200, and that the Complaint [#4] pleads these allegations with the necessary specificity. *See* Fed. R. Civ. P. 9(b).

Accordingly, the Court **recommends** that the Motion [#13] be **denied**.

### IV. Conclusion

Based on the foregoing reasons,

The Court respectfully **RECOMMENDS** that the Motion [#13] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo

review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 9, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge