**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-02470-RM-KLM

EPIC MOUNTAIN SPORTS LLC,

    Plaintiff,

v.

THE VAIL CORPORATION, d/b/a Vail Resorts Managements Company and d/b/a Epic Mountain Gear, and
SSI VENTURE LLC, d/b/a Epic Mountain Gear and d/b/a Vail Resorts Retail,

    Defendants.

---

## ORDER

---

    This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 43), which recommends Defendants The Vail Corporation and SSI Ventures' (collectively, "TVC" or "Defendants") Fed. R. Civ. P 12(b)(6) Motion to Dismiss Plaintiff's Colorado Consume Protection Act Claim ("Motion") (ECF No. 13) be denied. Defendants filed an objection (ECF No. 44) to which Plaintiff Epic Mountain Sports, LLC filed a response (ECF No. 45). Upon consideration of the Recommendation, the court record, the applicable law, and being otherwise fully advised, the Court overrules Defendants' objection and accepts and adopts the Recommendation in its entirety.

**I.    LEGAL STANDARDS**

    Pursuant to Fed. R. Civ. P 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is

sufficiently specific "to focus the district court's attention on the factual legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-plead factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). To determine whether a claim is plausible, a court consider "the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir.) (quotation omitted).

## II. BACKGROUND

Epic Mountain Sports filed its six-count Complaint and Jury Demand ("Complaint") with this Court on August 29, 2019. (ECF No. 4.) Of the six counts brought by Epic Mountain Sports, Defendants now move to dismiss only the second – Plaintiff's claims that Defendants violated the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 et seq. ("CCPA"). Specifically, Epic Mountain Sports alleges it is in the business of selling, renting, and servicing of bicycles, skis, snowboards, and related outdoor sports gear and equipment, and has been since 2008 under the name EPIC MOUNTAIN SPORTS ("Plaintiff's Mark"). (ECF No. 4, at ¶¶ 9–10, 12.) Plaintiff's Mark is registered with the Colorado Secretary of State. (*Id.* at ¶ 12.)

Epic Mountain Sports alleges that Defendants operated a similar business, and eventually rebranded their retail stores to "Epic Mountain Gear." (ECF No. 4, at ¶¶ 14, 15.) Epic Mountain

Sports alleges it reached out to Defendants notifying them of Epic Mountain Sports's trade name and likely confusing similarity between Plaintiff's Mark and Defendants' use of EPIC MOUNTAIN GEAR. (ECF No. 4, at ¶ 16.) Defendants allegedly agreed to exclude a specific geographic region – Winter Park – from maintaining or opening any retail stores under the EPIC MOUNTAIN GEAR name. (ECF No. 4, at ¶¶ 17–19.)

However, Epic Mountain Sports alleges Defendants began targeting Epic Mountain Sports's customers in the Winter Park and Grand County areas with advertisements bearing the EPIC MOUNTAIN GEAR name. (ECF No. 4, at ¶ 21.) According to the Complaint, these advertisements were related to Defendants' "services and goods with respect to bicycles, skis, and other mountain sporting goods." (*Id.* at ¶ 22.) Epic Mountain Sports alleges Defendants intentionally used a confusingly similar name associated with identical goods and services to falsely create the perception of an affiliation between Epic Mountain Sports and Defendants in Epic Mountain Sports's customers. (*Id.* at ¶¶ 22, 24.)

Defendants move to dismiss Count Two of Epic Mountain Sports's Complaint under Fed. R. Civ. P. 12(b)(6), arguing Epic Mountain Sports fails to plead a CCPA claim. The Magistrate Judge recommends denying Defendants' Motion. Defendants object.

III.    ANALYSIS

Defendants move to dismiss only Count Two (the CCPA count) of Epic Mountain Sports's Complaint. To sustain a cause of action under the CCPA, plaintiff must plead and prove:

(1)   that the defendant engaged in an unfair or deceptive trade practice;

(2)   that the challenged practice occurred in the course of defendant's business, vocation, or occupation;

3

(3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;

(4) that the plaintiff suffered injury in fact to a legally protected interest; and

(5) that the challenged practice caused the plaintiff's injury.

*Rhino Lining USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146–47 (Colo. 2003). Defendants dispute only the first element.

Under the CCPA, a deceptive trade practice includes "[e]ither knowingly or recklessly" making a "false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith." *See Rhino Linings*, 62 P.3d at 147 (citing C.R.S. § 6-1-105(1)(e)). Such a false representation "must either induce a party to act, refrain from acting, or have the capacity or tendency to attract customers." *Id.* In other words, Epic Mountain Sports must plead that Defendants knowingly or recklessly made some false representation as to an affiliation with Epic Mountain Sports that either did in fact or had the tendency to induce business from or attract customers. The Complaint alleges Defendants not only adopted, used, and continue to use a confusingly similar mark, they did so knowingly, and consumers are actually confused. (ECF No. 4, ¶¶ 15–25.)

Defendants argue that simply alleging use of a confusingly similar trademark is insufficient to satisfy the first CCPA element under *Predator Int'l, Inc v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970, 2014 WL 348637 (D. Colo. Jan. 31, 2014). (ECF No. 44, at 2–3 (quoting *Predator Int'l*, 2014 WL 348637, at *6)). Both *Predator Int'l* and Defendants rely on *HealthONE of Denver, Inc. v. UnitedHealth Group, Inc.*, 872 F. Supp. 2d 1154 (D. Colo. 2012). However, Defendants apparently fail to appreciate the procedural posture of *HealthONE* (D. Colo. 2012), which was a ruling on summary judgment wherein the court held the plaintiff had

4

not "*presented any evidence* of actual misrepresentations" or "false or deceptive advertising." *Id.* at 1190 (emphasis added). Defendants fail to note that a year earlier, the same court allowed HealthONE to pursue CCPA claims under allegations similar to Plaintiff's Complaint here. *See HealthONE of Denver, Inc. v. UnitedHealth Group, Inc.*, 805 F. Supp. 2d 1115, 1120–21 (D. Colo. 2011). Defendants do not explain how the court was wrong in allowing HealthONE to pursue its CCPA claims, but merely argue since HealthONE's claim eventually failed so too will Epic Mountain Sports's. This argument is rejected.

It is of no consequence that Epic Mountain Sports will eventually have to provide evidence to support its CCPA claim (i.e., that Defendants knowingly or recklessly created a false association between EPIC MOUNTAIN SPORTS and EPIC MOUNTAIN GEAR marks such that it did or had a tendency to induce Epic Mountain Sports's customers to instead patronize EPIC MOUNTAIN GEAR-branded stores), it does not need to do so at the pleading stage. Despite Defendants' argument, Epic Mountain Sports alleges more than mere *use* of an allegedly confusingly similar trademark – it alleges Defendants knew of the confusing similarity and either recklessly or intentionally adopted the mark *and* marketed it to a group of consumers it earlier agreed to avoid. Discovery could reveal evidence that supports Epic Mountain Sports's allegations. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Defendants do not address the heightened pleading requirements under Rule 9(b) to prove a deceptive or unfair trade practice or specifically object to the Magistrate Judge's conclusion thereto. Therefore, this Court adopts the clear error standard and discerns no clear error in this portion of her analysis. (*See* ECF No. 43, at 6, 8); *Summers v. State of Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991) ("In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate.") The Recommendation as to

5

Epic Mountain Sports's heightened pleading standard under Rule 9(b) is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## IV. CONCLUSION

Accordingly, the Court:

(1)   OVERRULES Defendants' objection (ECF No. 44);

(2)   ACCEPTS and ADOPTS the Magistrate Judge's Recommendation (ECF No. 43); and

(3)   DENIES Defendants' Motion to Dismiss (ECF No. 13).

DATED this 16th day of July, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge